**SYDNEY BASTIAN, Plaintiff**
v.
**JOHN TRANBERG, Defendant**

Civil No. 14—1954

District Court of the Virgin Islands

Div. of St. Croix at Christiansted

January 17, 1955

ALMERIC L. CHRISTIAN, Esq., *for plaintiff*
YOUNG and ROGERS (Warren H. Young, Esq., on the brief), *for defendant*

MOORE, *Judge*

An action in trespass for damages was brought by plaintiff, Sydney Bastian, against defendant, John Tranberg, and upon a hearing this Court entered a finding of damages in the amount of $150 to plaintiff's crops caused by trespassing cattle belonging to defendant. Prior to entry of judgment defendant raised the following question: Can he (defendant) be held liable in damages to plaintiff for injury to plaintiff's cultivation by animals of defendant, if the land cultivated by the plaintiff were the property of defendant?

At the request of the Court this question has been briefed by the attorney for plaintiff, Almeric L. Christian, Esq., and by attorneys for defendant, Young and Rogers, Warren H. Young, Esq., on the brief.

In submitting his brief on this question, plaintiff made

it clear that he did not concede that title to the land in question was in defendant, but assumed, merely for the sake of argument, that title to the land on which his banana orchard stands is in defendant. While complying with the Court's request for brief on the above question, plaintiff also argues that the Court cannot in this action determine ownership of the land and award title to either party.

At the trial plaintiff testified, without contradiction, that he is in actual possession of certain fields which he cultivates in banana and vanilla crops. These fields he claims are a part of the parcel of Sprat Hall Estate which is owned by him. Defendant testified that he owns lands adjoining the parcel owned by plaintiff and also that he believed that the land on which plaintiff had planted bananas was actually his (defendant's). However, in his answer to the complaint defendant admitted that plaintiff was the owner of and in possession of the land on which the crops were situate, and he has made no amendment to his answer.

After due consideration of this matter, the Court is of the opinion that this is neither the proper time nor the proper action in which to determine the question of title to the land, which question would have to be settled first in order to determine the question raised by defendant. This is an action for trespass to plaintiff's crops. No issue was raised respecting actual possession by plaintiff of the land on which the crops grow, and the gist of an action in trespass is injury to the possession. It, therefore, appears both unnecessary and improper for the Court in this action to go behind the admitted fact of established, peaceable possession by plaintiff. See 52 Am.Jur. 852, 854.

Since neither the question of title to the land nor the question of title to the unsevered crops is raised by the action in trespass, defendant cannot now, after trial, be

heard on the question of ownership of the land in possession of plaintiff and on which the banana trees were planted. It is sufficient that plaintiff was in actual possession of the land and had cleared and planted it all to the knowledge of the defendant. For, even if it is defendant's land on which the banana trees are planted, since defendant knew of plaintiff's presence and activities on the land and failed to warn him or request him to get off, defendant is liable for the damage caused to plaintiff's crops by his cattle.

Moreover, defendant offers no real proof of ownership. He merely states that he has had a survey of the land taken and that it "indicates" that the land in question is his, and on that basis alone he asks the Court to deny plaintiff recovery. Not only is such a survey inadequate as proof of ownership without proper establishment as to admissibility in evidence, but plaintiff's brief indicates, on the other hand, that there is no record of title in defendant to the estate in issue.

Both briefs deal extensively with the question of whether plaintiff can be said to be a tenant at will or a tenant at sufferance and what would be the consequences of each. In the Court's opinion neither question arises since no acceptable proof of title in defendant has been presented (and could not be presented at this time). It might, however, be noted that since the facts show that defendant had knowledge of plaintiff's occupancy of the land and took no action to remove him, plaintiff would then be considered a tenant at will, with defendant's implied consent, — if the land were in fact defendant's. And, if the plaintiff were a tenant at will, defendant would still be liable in damages to plaintiff.

Plaintiff's damages have been assessed by this Court in the sum of $150.00. Order for judgment in favor of plaintiff may, therefore, be drawn in accordance therewith.